IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



VIRGILIO PENALOZA,

    Plaintiff,

v.    Civil Action No. 3:12CV565

DR. HUBBERT, et al.,

    Defendants.

**MEMORANDUM OPINION**

Virgilio Penaloza, a federal inmate proceeding pro se and in forma pauperis filed this 42 U.S.C. § 1983[1] action. Under Federal Rule of Civil Procedure 4(m),[2] Penaloza had 120 days to serve Dr. Gordon and Dr. Hubbert ("Defendants"). Here, that

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

period commenced on February 18, 2014. More than 120 days elapsed and Penaloza had not served the defendants. Accordingly, by Memorandum Order entered on July 23, 2014, the Court directed Penaloza to show good cause for his failure to serve Defendants.

District courts within the Fourth Circuit have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See McCollum v. GENCO Infrastructure Solutions, No. 3:10-CV-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1983)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)).

2

However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D. Va. Jan. 24, 2012) (citing cases).

By Memorandum Order entered on February 18, 2014, the Court informed Penaloza that, if he wished the assistance of the Marshal in serving Defendants he must provide a street address for Defendants. For 119 days, the Court heard nothing from Penaloza. On June 17, 2014, the Court received Penaloza's request for the appointment of counsel, which the Court denied. However, during the 120-day period for serving Defendants, Penaloza apparently made no effort to ascertain Defendants' addresses and provide the same to the Court. Indolence such as that is hardly consistent with "'reasonable, diligent efforts to effect service on the defendant.'" Venable, 2007 WL 5145334, at *1 (quoting Hammad, 31 F. Supp. 2d at 528).

Penaloza suggests that he bears no responsibility for providing Defendants' addresses because he is proceeding in forma pauperis. Penaloza is incorrect. Penaloza bore the responsibility for providing the Court with addresses for Defendants in a timely manner. See Maltezos v. Giannakouros, 522 F. App'x 106, 108 (3d Cir. 2013) (citing Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993)). Because Penaloza has failed to establish good cause for his failure to serve Defendants, the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Penaloza.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 10, 2014